UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

ANITA B. TOVAR, MONIQUE SAUNDERS, et al., :
                                          :
                          Plaintiffs,     :          25-CV-9648 (JGK) (OTW)
                                          :
        -against-                         :          **ORDER**
                                          :
                                          :
FRANCIS GREENBURGER, et al.,              :
                          Defendants.     :
                                          :
-------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

The Court is in receipt of ECF Nos. 14 and 16, filed by *pro se* Plaintiffs, both entitled "Letter Motion to Compel" Defendants to cease their attempts to enter their apartment, to preserve evidence of "mold and latent defects." For the reasons discussed below, Plaintiffs' request is **DENIED as premature**, until Defendants have been served with the operative complaint, whether it is the current complaint or whether Plaintiffs elect to file an amended complaint. If Plaintiffs seek to file another similar motion in the future, they must serve that motion on Defendants in order for them to properly respond to it.

I.      **RELEVANT BACKGROUND**

The original complaint in this case was filed by three self-represented Plaintiffs[1] against twelve Defendants on November 17, 2025. (ECF 1). The complaint lists addresses for service of all twelve Defendants. (ECF 1 at 4-5). The Plaintiffs have been given extensions to file an amended complaint by **June 29, 2026,** and an extension to serve the complaint, whether it is

---

[1] The caption lists three individuals and then adds "(Individually and on behalf of minor child (DCS))." (ECF 1 at 1). On the civil cover sheet, "DCS (Minor Child)" is listed as a plaintiff, but the cover sheet does not identify who is representing them. (ECF 1-2 at 2).

amended or not, to **July 27, 2026**. (*See* ECF 25). Plaintiffs have also been given an extension of time to file a Rule 25 motion for substitution by **July 27, 2026.**

On March 5 and March 19, 2026, Plaintiffs filed the instant requests which cite Rule 26(c), which governs protective orders in discovery. (ECF 14, 16). Read broadly, the requests suggest that "Defendants," some of whom may be responsible for maintaining and repairing the property at issue in this lawsuit, have been attempting to gain entry to the apartment. (*See*, *e.g.*, ECF 16 at 2-3). Plaintiffs believe that these attempts to gain entry are made "with the intention to cover, conceal and spoliate evidence" such as the existence of "mold, mold spores and mycotoxins" that Plaintiffs claim have existed in the apartment for years. (*See* ECF 14, 16, *passim*).

## II.    DISCUSSION

Rule 26(c) provides that a Court may issue a protective order under certain circumstances.[2] Fed. R. Civ. P. 26(c). "The court may, for good cause, issue an order to protect a

---

[2] Rule 26(c)(1) states:
(c) Protective Orders.
(1) *In General.* A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
    (A) forbidding the disclosure or discovery;
    (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
    (C) prescribing a discovery method other than the one selected by the party seeking discovery;
    (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
    (E) designating the persons who may be present while the discovery is conducted;
    (F) requiring that a deposition be sealed and opened only on court order;
    (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.*
"Rule 26(c) confers broad discretion on the trial court to decide when a protective order is
appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S.
20, 36, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984). One important prerequisite in the text of Rule
26(c) is the "meet-and-confer" requirement in the very text of Rule 26(c); namely, that the
movant must certify that they have in "good faith conferred or attempted to confer with other
affected parties in an effort to resolve the dispute without court action." *Id.* There is no
indication from ECF Nos. 14 and 16 that Plaintiffs have done so.[3] Moreover, while the Plaintiffs'
emails to their landlord mention the existence of this lawsuit, there is no indication from the
filings themselves that Plaintiffs have served any Defendants with the complaint or the instant
motions. (*See, e.g.*, ECF Nos. 14, 16).

The Court cannot–and will not–take any action against any Defendant named in the
complaint unless and until it has been properly served. "In the absence of service of process (or
waiver of service by the defendant), a court ordinarily may not exercise power over a party the
complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350
(1999) ("Accordingly, one becomes a party officially, and is required to take action in that
capacity, only upon service of a summons or other authority-asserting measure stating the time
within which the party served must appear and defend.") This has not been done, and the

---

(H) requiring that the parties simultaneously file specified documents or information in sealed
envelopes, to be opened as the court directs.

[3] In Plaintiffs' filings, they attach emailed communications in response to letters from their landlord seeking access
to the apartment to perform repairs "as ordered by the Division of Housing and Community Renewal." (*See, e.g.*
ECF 14 and exhibits; ECF 14-3 at 7).

motions are therefore **DENIED as premature**. Plaintiffs are directed to review the Court's

instructions for *pro se* parties, which may be found here: https://nysd.uscourts.gov/prose.

The Clerk of the Court is respectfully directed to close ECF Nos. 14 and 16.

**SO ORDERED.**

       *s/ Ona T. Wang*

Dated: June 17, 2026                         **Ona T. Wang**
      New York, New York          United States Magistrate Judge