UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

ANITA TOVAR (decd 1/30/2026),

MONIQUE SAUNDERS, et al.,

                              Plaintiffs,

    - against -                            Case No.: 1:25-cv-09648

                                          (JGK) (OTW)

FRANCIS GREENBURGER, et al.,

                          Defendants.

-------------------------------------------------------------------x

**PLAINTIFFS' EMERGENCY LETTER RESPONSE IN OPPOSITION TO CITY DEFENDANTS' LETTER MOTION FOR AN INDEFINITE EXTENSION OF TIME (ECF NO. 30)**

-------------------------------------------------------------------x

TO: HON. ONA T. WANG, U.S.M.J.

Dear Magistrate Judge Wang,

    The Plaintiffs pro se respectfully submit this Emergency Letter Response to vigorously oppose the City Defendants' Letter Motion (ECF No. 30) requesting an open-ended, indefinite enlargement of time to respond to the First Amended Civil RICO Complaint. As a preliminary matter of administrative record transparency, the Plaintiffs alert this Court to a tactical omission on the face of the City's moving papers: Assistant Corporation Counsel Madison Moore has conspicuously omitted the named co-defendant the Department of Investigation (DOI) from her explicit defense headings, despite the fact that the Law Department represents both municipal entities – the New York City Police Department (NYPD) and the New York City Department of Investigation (DOI).

1

The City's application is built upon material misrepresentations of fact, patent bad faith, and a deliberate attempt to retroactively cure a continuous, four-month administrative pleading default across BOTH the NYPD and the DOI at the expense of pro se litigants navigating a family bereavement.

As an initial matter, the City's claim that the current procedural posture was "unclear" or "muddied" is demonstrably false. The City explicitly admits that the Office of the Corporation Counsel was properly served with process on April 6, 2026, as verified by electronic Proof of Service Receipts generated by your department's ServiceECF portal at 2:28 AM and 3:14 AM. Concurrently, the Plaintiffs provided immediate, explicit written notice of the passing of Lead Plaintiff Anita Tovar and the resulting automatic stay of proceedings under Federal Rule of Civil Procedure 25. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), the City's mandatory deadline to answer or respond to the original complaint expired on April 27, 2026. The City completely defaulted on that timeline.

To completely dismantle the City's narrative of "excusable neglect," the Plaintiffs advise this Court that Assistant Corporation Counsel Madison Moore personally placed an unsolicited telephonic call to the Plaintiffs' personal cell phone on April 23, 2026, at 2:39 PM, introducing herself as counsel of record and stating that she was actively preparing a motion for an extension of time to answer. Despite this direct verbal confirmation, her office abandoned the docket, waited fifty (50) days just to enter a passive Notice of Appearance on May 26, 2026, and never submitted a single enlargement motion to the Court.

Subsequently, the Plaintiffs e-filed their First Amended Complaint on June 19, 2026. Pursuant to FRCP 15(a)(3), the City's second mandatory deadline to respond expired on July 3, 2026. The City defaulted a second time. The Law Department has sat in an un-remedied,

continuous state of default for nearly 120 days. The Plaintiffs have deferred moving for an Entry of Default under FRCP 55(a) strictly as an act of extraordinary good faith to facilitate active, out-of-court settlement and valuation tracks.

The City's request to tie its responsive pleading deadline to "30 days after all defendants have been properly served" is an offensive, bad-faith attempt to manufacture indefinite procedural immunity. As set forth in the Plaintiffs' pending Third Extension Motion (ECF No. 29), several transient individual security guard defendants have separated from Doyle Security Services under former Security Director Mark Atherton, requiring complex professional skip-tracing infrastructure to locate. Granting the municipal entities a free, open-ended extension tied to the service of separate private co-defendants completely strips the Plaintiffs of their leverage and allows the City to escape all accountability for months while active administrative injuries continue in real time.

Furthermore, the City's footnote assertion that it possesses a "meritorious defense" is completely contradicted by the physical, unredacted municipal record. The Plaintiffs officially advise this Court that they possess the raw, unredacted backend database printouts generated directly from the NYPD Omniform System - Complaints under Complaint Numbers 2021-088-001737 and 2021-088-001033. These illicitly leaked internal documents—which are heavily redacted under standard FOIL compliance—explicitly display the restricted database metadata, internal system keycodes, and the personal Tax ID numbers of six separate, currently active-duty 88th Precinct personnel, including Investigating Officer POM Sosa John (Tax # 962115), Entering Operator PAA Felder (Tax # 359247), Supervisor SGT Haque MD (Tax # 953952), Signoff Supervisor SGT Johnson (Tax # 950642), Operator SPA Myra Smith (Tax # 362118), and Supervisor SGT Donald Swanda (Tax # 886993).

3

The private co-conspirators systematically weaponized these unlawfully leaked, unredacted police prints across the New York State Division of Human Rights (DHR) under active Case No. 10219557 (managed by Director Chelsea L. John), the DHCR under Attorney Evelyn Britt, and introduced directly into the public judicial record of the Supreme Court of New York, County of Kings, under Justice Peter P. Sweeney's active docket (Index No. 501135/2024). This was executed as a coordinated, corrupt injection of restricted police databases specifically to manipulate administrative and judicial evaluations, artificially secure fraudulent summary determinations, and subvert the judiciary.

Crucially, this confirms an active, continuous, and expansive leak of restricted municipal databases by precinct personnel to assist private racketeering actors in advancing a predatory scheme far exceeding a standard landlord-tenant issue or a routine lease dispute. Rather, this unlawful data access was mechanically deployed to mask a multi-decade enterprise scheme of deed theft, corporate property conversion, public record manipulation, and multi-agency fraud on the judiciary dating back to the 1970s, designed to illegally dispossess the Plaintiffs from an irreplaceable historical military housing property and permanently conceal the underlying racketeering conspiracy.

The urgency of this ongoing crisis is heightened by the fact that active-duty NYPD Sergeant Yanira Golphin maintains an active, ongoing administrative threat inside the record. Sergeant Golphin deployed her official municipal email channel to transmit a highly unstable, coercive directive to corporate Defendant CHAOC, leveling false accusations of 311/911 harassment against the Plaintiffs and explicitly demanding extrajudicial retaliatory actions against Plaintiffs and our continued occupancy in our home, stating in writing: "this is step one for me."

4

To fund and insulate this continuous retaliatory campaign, Sergeant Golphin organized, and actively maintains, a live GoFundMe campaign that has extracted over $23,000.00 to support Defendant Melissa Martin's illegal commercial animal boarding business operating inside residential Unit 2H, directly over the Plaintiffs' 1H apartment unit. This illicitly financed operation forces multiple dogs to be regularly boarded inside a residential co-op apartment, generating a severe, continuous, and hazardous acoustic nuisance consisting of non-stop barking, running, jumping, growling, yelping, and howling across all hours of the day and night, weekdays and weekends alike, entirely destroying the habitability of the Plaintiffs' residential sanctuary.

Sergeant Golphin executed and organized this public fundraising operation with full, actual knowledge that Melissa Martin and Paw Paw Pet Care LLC lacked animal vaccination records, any valid municipal business license, health permits, disability insurance, or workers' compensation insurance, was collecting New York State taxes from clients without corporate authority, was unlawfully pretending to be a veterinarian or a licensed veterinary driver, and was illegally maintaining this dense multi-animal commercial compound inside a residential co-op unit in flagrant violation of New York City Health Code § 161.09(a).

Concurrently, co-defendant the Department of Investigation (DOI) is actively engaging in administrative concealment, flatly refusing to disclose the tracking case number linked to their invasive, un-warranted pandemic interrogation inside our residence, specifically to block the Plaintiffs' statutory right to execute Freedom of Information Law (FOIL) verification disclosures.

The urgency of this ongoing crisis is underscored by the absolute lack of institutional oversight operating under NYPD Commissioner Jessica Tisch and DOI Commissioner Nadia Shihata. Because the City has confirmed that no internal investigation is being pursued under Commissioner Tisch's administration, and because the municipal agency statutorily tasked with

investigating NYPD misconduct is co-defendant DOI under Commissioner Shihata—which is itself an active, named racketeering Defendant in this litigation—the City maintains a systemic, un-remedied conflict of interest. The City Law Department is seeking an open-ended pleading stay precisely to bury this lack of senior executive oversight and avoid remedying an ongoing municipal data-breach and harassment campaign.

The City's characterization of our administrative applications as "voluminous filings" is a deeply insensitive attempt to minimize a profound family tragedy. The Plaintiffs' extensions were strictly required by undelivered SDNY Court mailings of the Summons and Information Packet and the subsequent passing of Anita Tovar, who died in the hospital a mere 48 hours after Judge Koeltl's initial extension order. The Plaintiffs have newly secured her official New York State Death Certificate and are actively navigating the Surrogate's Court Small Estate pipeline to execute the formal fiduciary substitution mandates required under FRCP 25(a)(1) ahead of our September 25, 2026 extension horizon.

The Plaintiffs are entirely prepared to submit these unredacted NYPD Omniform data leaks and GoFundMe financial tracking registries, as well as other NYPD and DOI evidence directly into the public record as active exhibit evidence to support a formal Motion for Entry of Default Judgment. For the foregoing reasons, the Plaintiffs respectfully request that this Court deny the City's bad-faith motion for an open-ended extension, and instead order the City, the NYPD, and the DOI to answer the First Amended Civil RICO Complaint on a strict, fixed calendar deadline not to exceed fourteen (14) days.

Dated: July 24, 2026
Brooklyn, New York

Respectfully submitted,

/s/ *Monique A. Saunders*
MONIQUE A. SAUNDERS, RN, JD
*Plaintiff Pro Se*
210 Clinton Avenue, Apartment 1H
Brooklyn, New York 11205
Phone: (347) 647-0120

/s/ *David Saunders*
DAVID SAUNDERS
*Plaintiff Pro Se*
210 Clinton Avenue, Apartment 1H
Brooklyn, New York 11205
Phone: (347) 647-1219