UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MONIQUE SAUNDERS, et al., Plaintiffs, -against- FRANCIS GREENBURGER, et al., Defendants. | 25-CV-9648 (JGK) (OTW) **SEALING ORDER** |

**ONA T. WANG, United States Magistrate Judge:**

Federal Rule of Civil Procedure 5.2 prohibits parties from filing "an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number," unless otherwise ordered by the court. Fed. R. Civ. P. 5.2.

On October 5, 2026, Plaintiffs filed unredacted copies of Defendant Melissa Martin's ("Martin") Social Security Card, driver's license, EIN, and insurance policy number (together, "Martin's PII") in violation of Fed. R. Civ. P Rule 5.2. (ECF 45-1 at 32, 35, 39; ECF 46-1 at 5). Why did Plaintiffs file ECF 45 and 46? As best as the Court can tell, Plaintiffs attached Martin's PII to oppose a request for a pre-motion conference filed by the City.

On September 30, 2026, the day the City's answer was due, the City sought a pre-motion conference to discuss their contemplated motion to dismiss Plaintiffs' amended complaint, in accordance with Judge Koeltl's Individual Practices. (ECF 43). After Judge Koeltl set a date for a pre-motion conference, Plaintiffs filed ECF 45 and 46, attaching the offending

exhibits, in "unyielding opposition" to the City's request for a pre-motion conference that had already been granted. (See ECF 45 at 1, ECF 45-1 at 32, 35, 39, ECF 46-1 at 5). Very generally, ECF 45 accuses the City and its counsel of "bad faith" tactics in seeking to file a motion to dismiss just before its answer deadline. (ECF 45 at 1). The filing accuses the City's counsel of misleading the Court and requests that the Court compel the City to answer the complaint within 48 hours. ECF 45 then accuses Defendant Martin (who, by Plaintiffs' own admission, has yet to be served) of allegedly criminal activity. At ECF 45 and 46[1], Plaintiffs attached unredacted documents containing Martin's PII (and the video of Martin with the black cat on the red leash) apparently as evidence of Martin's alleged criminal activity. How does this affect the timing of the City's motion to dismiss? No one knows.[2]

On October 7, 2026, Martin's counsel filed a motion to seal requesting that the Court immediately strike or seal Docket Entries 45-1 and 46-1 because they contain Martin's PII. (ECF 48). In light of the sensitive information contained in these documents, the Court provisionally sealed the documents pending Plaintiffs' response.

On October 7, 2026, Plaintiffs filed an opposition to Defendant's motion to seal and a cross-motion to strike Martin's motion to seal. (ECF 49). Plaintiffs argue that they "fully complied with FRCP 5.2(a) by meticulously applying solid black shape redactions over Ms. Martin's facial image, driver's license number, signature rows, and the first five digits of her

---

[1] ECF 46 purports to attach a link to video evidence (a "surveillance video") that Plaintiffs use to accuse Defendant Martin (as yet un-served) of a "hostile window-stalking and acoustic harassment campaign while utilizing a black cat on a red leash." (ECF 46-1 at 6). Critically, ECF 46-1 also apparently contains more unredacted copies of the same materials that were attached at ECF 45-1. According to Plaintiffs, the video was intended to be attached to ECF 45, but, "[d]ue to a minor administrative data transmission synchronization timeout during the electronic portal upload run," were "inadvertently omitted from the primary attachment index." [sic]. (ECF 46 at 1-2).

[2] No response is necessary or invited from Plaintiffs on this point.

Social Security Number." (ECF 49). Plaintiffs further argue that counsel for Defendant "lacks standing to petition this Court" because he has "failed to file a Notice of Appearance" and "his client has not been served in this federal action." (ECF 49).[3]

Judge Koeltl mooted the City's request for a pre-motion conference (ECF 43) and Plaintiffs' opposition (ECF 45) by entering ECF 50, which set deadlines for any further amendment of the complaint and the filing of any related answers or motions to dismiss.

Plaintiffs' representation that they "fully complied" with Rule 5.2 by "meticulously" applying redactions is simply not true. For example, ECF 46-1 at 5 contains fully unredacted copies of, *inter alia*, Martin's drivers' license and social security card. Other pages that purport to contain Martin's tax ID number appear to be documents from the Internal Revenue Service that were mailed to Martin and also should not have been in Plaintiffs' possession. See, e.g. ECF 45-1 at 32, 35. Moreover, there is no justification for disclosing Martin's PII in a filing opposing a pre-motion conference requested by another party.

Accordingly, Martin's motion to seal is **GRANTED**, and Plaintiffs' cross-motion to strike is **DENIED.** Even if Martin did not have standing to seek sealing, the Court has reviewed ECF 45 and 46 and finds that they violate Rule 5.2 and must be sealed. The Clerk is respectfully directed to maintain under seal **the entirety of ECF 45 and ECF 46** so that they are visible only to the Court.

[3] This argument is nonsensical. By Plaintiffs' logic, they could name Martin, delay serving her, file her PII and accuse her of criminal conduct, and she would have no "standing" to request any remedial action because she hadn't yet been served.

Finally, Plaintiff Monique Saunders frequently attaches the letters "RN, JD" after her signature on the filings in this case. She is directed to file, by **October 30, 2026**, a sworn statement answering the following questions:

1) whether her use of "JD" means that she has obtained a law degree (and if so, which law school granted that degree and when);

2) whether she has sat for the bar exam of any state (and if so, whether and when she has passed any bar exam); and

3) whether she has a license to practice law in any jurisdiction.

The Clerk of Court is respectfully directed to close ECF 48.

**SO ORDERED.**

*s/ Ona T. Wang*

Dated: October 23, 2026
New York, New York

**Ona T. Wang**
United States Magistrate Judge